**Harvey MIEARS, Petitioner,**

**v.**

**The DISTRICT COURT OF OKLAHOMA COUNTY, State of Oklahoma et al., Respondents.**

**No. 46945.**

Supreme Court of Oklahoma.

Feb. 19, 1974.

B. J. Brockett, Oklahoma City, for petitioner.

Theimer & Page, Raymond E. Theimer, Bob L. Wells, Oklahoma City, for respondents.

WILLIAMS, Vice Chief Justice.

This is an application by petitioner, Harvey Miears, the defendant in an action in the District Court of Oklahoma County, for this Court to assume original jurisdiction and issue writs of mandamus and prohibition to respondent judges, directing them to hold a hearing in connection with an application for a prejudgment writ of replevin in that action, and prohibiting them from enforcing, by contempt proceedings or otherwise, certain orders allegedly improperly entered in the pending action. For reasons set out below, we have concluded that we should assume jurisdiction and issue the writs.

The issues presented stem from the decision of the United States Supreme Court in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, adopted in 1972. In that case, the Court held unconstitutional, as in violation of due process requirements, certain statutes of Florida and Pennsylvania, very similar to corresponding Oklahoma statutes, authorizing the issuance of a writ of replevin without a "prior opportunity to be heard before chattels are taken from the possessor".

As a result of that decision, this Court adopted, effective on September 1, 1973, Rule 17 of the Rules for the District Courts of Oklahoma, 12 O.S.Supp.1973, page 77.

In pertinent part, the new Rule 17 provides as follows:

"a. Except as provided in Part (b) before a prejudgment order for the delivery of property to a plaintiff may be issued the defendant must be notified that the plaintiff has requested the issuance of such an order and that a hearing on the request will be held. * * *

"The court shall order the clerk to issue an order for the delivery of the property if it appears at the hearing that the plaintiff has a good faith cause of action for possession of the property.

"Pending the above hearing, a court may order the defendant not to transfer, conceal, damage or destroy the property or take any other action that would prejudice the rights of the plaintiff if he should be entitled to possession of the property.

"b. A court may order the clerk to issue a prejudgment order for the delivery of property to the plaintiff without notice to the defendant,

"(1) * * *

"(2) Where the court finds that the defendant has or is about to conceal, damage, destroy or dispose of the property or a part thereof, or * * * is about to assign or transfer the property or a part thereof to another, or * * * is about to remove the property or a part thereof out of the jurisdiction of the court."

The action in the District Court of Oklahoma County which led to the proceeding

now before this Court was instituted by Salvage Sales Corporation, as plaintiff, against Miears, as defendant. In the petition, filed on Sept. 12, 1973, plaintiff alleged that it had sold and delivered a certain stock of dry goods to defendant, for which payment as agreed had not been made. Plaintiff also pleaded a rather involved course of negotiations and dealings during which efforts were made to settle differences, at the end of which the property concerned was still in the possession of defendant. Plaintiff asked for a money judgment in the amount of the purchase price allegedly remaining unpaid; for a "prejudgment writ of replevin"; for an order requiring defendant to deliver to plaintiff the immediate possession of the property, and for an accounting.

On the same day the petition was filed, a writ of replevin was issued and also an "Order for Show Cause".

The "Order for Show Cause" was directed to defendant Miears personally and contained six paragraphs. The first paragraph notified him of the filing of the suit. The second paragraph ordered him to deliver to the Sheriff "for immediate possession of plaintiff" the property concerned. The third paragraph enjoined him from selling, transferring or disposing of the property in any way pending the further order of the court. The fourth paragraph notified him that on September 24, 1973, " * * * you may show cause why the Sheriff * * * should not take from your possession the above set out property and deliver it to the plaintiff * * *". The fifth paragraph ordered him to turn over to the Sheriff the property concerned " * * * if you do not wish to show cause as above set out". The sixth paragraph in effect repeated the order not to sell, transfer or otherwise dispose of the property. The "Order for Show Cause" recited no findings by the court.

The hearing apparently was continued by agreement to September 27, 1973, at which time the parties appeared and a hearing was held. From the transcript of that hearing, it is clear that the burden of proof was placed upon defendant, over his objection.

At the end of the hearing another order was entered. In it, defendant Miears was ordered "to forthwith deliver to the Sheriff * * *" all of the property concerned still in his possession in accordance with directions and instructions from the Sheriff. This order contained no finding as to whether or not plaintiff had "a good faith cause of action for possession of the property".

On October 4, 1973, plaintiff filed an Application for Citation, reciting, among other things, that on September 22, 1973, defendant Miears had sold a certain portion of the property concerned in gross disregard and violation of the order of September 12th. On the same day a Citation for Contempt was issued to Miears directing him to appear on a day certain and show cause why he should not be punished for contempt. Before the hearing on the contempt citation was held, Miears filed in this Court the application to assume original jurisdiction now under consideration.

In briefs in this Court filed on behalf of respondents by counsel for Salvage Sales Corporation it is argued (1) that the holding in *Fuentes*, and the new Rule 17, do not preclude *all* prejudgment orders for the delivery of property; (2) that the order of September 12th in this case, requiring the prejudgment delivery of the property was in accordance with Rule 17; and (3) that the extraordinary writs of mandamus and prohibition therefore should not be issued.

The first argument may be conceded; part (b) of Rule 17 sets out the circumstances under which a prejudgment order for the delivery of the property may be issued without notice to defendant.

As to the second proposition, counsel argue that the order of September 12th in this case was properly issued under part (b)(2) of Rule 17.

We are unable to agree. Under part (b)(2) a prejudgment order may be issued without notice to defendant "Where

**488**

the court *finds* that defendant has or is about to, conceal, damage, destroy or dispose of the property * * *" or is about to assign or transfer it, or remove it from the jurisdiction of the court (emphasis added). As we have noted, the order of September 12th contained no such finding.

 It is suggested that such a finding should be implied. Such a holding, however, would have the practical effect of nullifying the holding in *Fuentes* and the new Rule 17, so that in any case where a prejudgment order for delivery had been made, the implication would serve to avoid the effect of Rule 17 whether the finding had actually been made or not, and whether it was justified or not.

Also, we think it is clear from the language of part (a) of Rule 17 that the issue at the hearing required thereby is whether the plaintiff has a good faith cause of action for possession of the property, and that the plaintiff, as the moving party, has the burden of proof in that regard.

We now examine the separate paragraphs of the order of Sept. 12th. The second paragraph, ordering the delivery of the property to the Sheriff "for the immediate possession of plaintiff", is void for lack of the prejudgment hearing required by part (a) of Rule 17. The third and sixth paragraphs, in effect ordering the defendant not to sell, transfer or dispose of the property pending the further order of the court, are valid under the third paragraph of part (a) of Rule 17. The fourth and fifth paragraphs, both in effect notifying defendant that he must appear and show cause why the Sheriff should *not* take the property, are erroneous as placing the burden of proof on the wrong party.

The application to assume original jurisdiction and petitions for mandamus and prohibition are therefore granted, and the respondents are directed (1) to take no action to enforce the orders heretofore entered in the trial court for the immediate delivery of the property; (2) to require a

hearing, after notice to defendant Miears, as required by part (a) of Rule 17 before issuing any further prejudgment order for delivery of the property; and (3) to restrict the hearing on the citation for contempt to the question of whether defendant Miears has contemptuously disobeyed the valid portion of the order of September 12th.

DAVISON, C. J., and IRWIN, HODGES, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

BERRY, J., concurs in result.